# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY AARON BAXTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-2667-STA-tmp |
| | ) |
| STATE OF TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR EXAMINATION

Before the Court is Plaintiff Timothy Aaron Baxter's Motion for Examination (ECF No. 130) filed on April 23, 2014. Defendants have filed a response in opposition to the Motion on May 27, 2014. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On September 9, 2010, Plaintiff filed a *pro* se Complaint for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the pleadings, on September 11, 2009, Plaintiff was incarcerated at the West Tennessee State Penitentiary and was traveling in a truck driven by Officer Mallory. When Plaintiff complained to Officer Mallory that he was driving recklessly, Officer Mallory allegedly struck Plaintiff in the head with a radio. The Complaint alleges that Officer Mallory and Officer Robert Moffatt then began to beat Plaintiff to the ground and that Officer Moffatt struck Plaintiff with an ax handle. This case was transferred to the undersigned for all further proceedings on October 2, 2013. A trial is currently set for August 25, 2014.

1

In his Motion for Examination, Plaintiff requests that the Court order Defendants to transport him to a medical doctor in Jackson, Tennessee, for a medical examination. Plaintiff apparently made an appointment with Shannon Bone, M.D. to have a complete neurological and orthopedic examination on May 5, 2014. Plaintiff argues that good cause exists to order the examination because his physical injuries are at issue in this case. The physician with whom Plaintiff has the appointment is a neutral and detached evaluator and can provide testimony to assist the trier of fact. Therefore, the Court should order Defendants to transport Plaintiff for the medical examination.

Defendants have responded in opposition. The discovery deadline in this case was April 8, 2013, and trial is set for August 2014. Plaintiff's Motion appears to request that he undergo a medical examination at Defendants' expense so that he can introduce the examining doctor's testimony as proof at trial. Defendants argue that they have no duty to pay for a medical examination. Furthermore, Defendants argue that strong policy reasons exist to deny Plaintiff's request. The Court should not allow prisoners to make their own medical appointments and then order Defendants to pay for independent medical examinations. Plaintiff has not requested any treatment at his facility. Defendants have also attached medical records from a free world physician who treated Plaintiff for his alleged injuries in 2010, showing that there was no evidence of Plaintiff being injured from a blow with an ax handle. For these reasons, Defendant argue that the Motion should be denied.

## ANALYSIS

The Court finds that Plaintiff's Motion for Examination is not well taken and therefore must be denied. Plaintiff filed his Motion on April 23, 2014, approximately ten days before the scheduled examination. Plaintiff's Motion is arguably moot simply because his appointment with Dr. Bone

2

has now passed. Plaintiff has also cited no exigent circumstances to support his request for a medical examination on such short notice to Defendants. Under Local Rule of Court 7.2, Defendants were entitled to 14 days to respond to Plaintiff's Motion. By filing his Motion less than two weeks before the scheduled appointment and without any grounds for hearing the Motion on an expedited basis, Plaintiff failed to give Defendants adequate time to respond or the Court sufficient time to decide the Motion before his appointment.[1] Moreover, Plaintiff has cited no support for his request after the close of discovery. Federal Rule of Civil Procedure 16 requires the Court to issue a scheduling order and set a deadline for completing discovery.[2] Once entered, a schedule may be modified only for good cause and with the judge's consent.[3] In this instance it is clear that Plaintiff seeks a medical examination for the purpose of introducing the examining physician's opinion testimony at trial. Plaintiff has not shown why the Court should re-open the discovery period more than one year after the expiration of the discovery deadline and four months before trial. Plaintiff's Motion must be denied for these reasons alone.

Even if Plaintiff had made a timely motion for medical examination, Plaintiff has cited no authority to show that Rule 35 is the proper rule to obtain the examination. Plaintiff does not specifically refer to Rule 35, though Plaintiff has cited cases applying Rule 35. Rule 35 of the Federal Rules of Civil Procedure provides that the Court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental

---

[1] *Accord* Local R. 7.2(g) (requiring that motions to produce prisoners for testimony must be filed with the Court at least 28 days from the date of the hearing or trial).

[2] Fed. R. Civ. P. 16(a)(3)(A).

[3] Fed. R. Civ. P. 16(b)(4).

3

examination by a suitably licensed or certified examiner."[4] The Court may grant the order for an examination "only on motion for good cause[.]"[5] The two requirements that the party's condition must be "in controversy" and that "good cause" exists for the examination "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."[6] However, many federal courts construing Rule 35 have concluded that the rule "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself" but applies only where an opposing party moves for the examination.[7] Regardless of Plaintiff's ability to satisfy Rule 35's "in controversy" and "good cause" requirements, Rule 35 does not authorize the relief Plaintiff seeks. Therefore, Plaintiff's Motion is **DENIED**.[8]

---

[4] Fed. R. Civ. P. 35(a)(1).

[5] Fed. R. Civ. P. 35(a)(2).

[6] *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

[7] *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003); *see also e.g. Christensen v. United States*, CIV. 5:11-321-KKC, 2014 WL 1513140 (E.D. Ky. Apr. 16, 2014); *Moore v. Tanner*, No. 07–10442, 2007 WL 3203648, at *3 (E.D. Mich. Oct. 31, 2007); *Smith v. Carroll*, 602 F. Supp. 2d 521, 525–26 (D. Del. 2009).

[8] Defendants have also objected to any request by Plaintiff that the Department of Corrections bear the cost of an examination. Plaintiff has not specifically made such a request in his Motion. Because the Court denies the Motion on other grounds, it is unnecessary to decide whether Defendants have an obligation to pay for the examination Plaintiff seeks.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: June 5, 2014.