IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TIMOTHY AARON BAXTER,            )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    No. 10-2667-STA-tmp
                                 )
STATE OF TENNESSEE, et al.,      )
                                 )
    Defendants.                  )
_____

ORDER DENYING PLAINTIFF'S MOTION FOR REOPENING DISCOVERY
ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS TO STRIKE MEDICAL RECORDS
ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER
ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT
ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SANCTIONS OR IN THE ALTERNATIVE TO COMPEL RESPONSES
ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE
ORDER DENYING MOTIONS TO AMEND/CORRECT MOTION FOR REOPENING DISCOVERY

_____

Before the Court are Plaintiff Timothy Aaron Baxter's Motion for Reopening Discovery (ECF No. 138) filed on June 24, 2014; Objections to the Magistrate Judge's Order Denying his Motions for Revision (ECF No. 139); Motion for Sanctions to Strike Medical Records (ECF No. 141) filed on June 27, 2014; Motion for Leave to Amend Complaint (ECF No. 143) filed on June 30, 2014; Motion for Sanctions or in the Alternative Motion to Compel Responses (ECF No. 144) filed on July 1, 2014; Motion for Order to Show Cause (ECF No. 146) filed on July 9, 2014; Motion for Revision (ECF No. 147) filed on July 16, 2014; and Motion to Amend/Correct Motion for Reopening Discovery (ECF No. 148, 149) filed on July 21 and July 28, 2014. Defendants have filed

1

responses in opposition to the Motions. The Court's rulings on Plaintiff's Motions are set forth below.

## BACKGROUND

On September 9, 2010, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. According to the pleadings, on September 11, 2009, Plaintiff was incarcerated at the West Tennessee State Penitentiary and was traveling in a truck driven by Officer Mallory. When Plaintiff complained to Officer Mallory that he was driving recklessly, Officer Mallory allegedly struck Plaintiff in the head with a radio. The Complaint alleges that Officer Mallory and Officer Robert Moffatt then began to beat Plaintiff to the ground and that Officer Moffatt struck Plaintiff with an ax handle. This case was transferred to the undersigned for all further proceedings on October 2, 2013. A trial is set for October 29, 2014.

## ANALYSIS

**I. Motions for Re-Opening Discovery**

In his Motion for Reopening Discovery (ECF No. 138), Plaintiff seeks production of all medical records in the possession of the Tennessee Department of Corrections. According to Plaintiff, some of these records are at odds with the records of a Dr. Cobb who apparently treated Plaintiff for some of his alleged injuries in 2010. Plaintiff states that he obtained in the normal course of discovery only records covering his treatment through July 2012. Plaintiff describes the records he requests as newly discovered evidence, which is relevant to the issues for trial in this case. Defendants oppose Plaintiff's Motion because the discovery deadline passed on April 8, 2013. Defendants construe Plaintiff's description of newly discovered medical records to refer to those of Dr. Cobb from May 2010. Defendants contend that Plaintiff could have obtained Dr. Cobb's records

at any time without propounding formal discovery.

The Court holds that Plaintiff has not shown good cause to re-open the discovery period. Federal Rule of Civil Procedure 16(b)(3) requires the Court to enter a scheduling order and set a time limit for certain events, including discovery. The final deadline for discovery set in this case was April 8, 2013. Although Rule 16(b)(4) allows for case management deadlines to be extended, the Court will extend the deadlines only for good cause. Plaintiff has failed to show any cause for re-opening discovery at this late stage of the proceedings. Therefore, Plaintiff's request to re-open discovery must be denied.

Plaintiff does mention the existence of medical records that constitute newly discovered evidence. Although Defendants understand these records to be records of Plaintiff's treating physician Dr. Cobb, it appears to the Court that Plaintiff actually seeks medical records that have come into existence since July 2012 and are under the control of the Department of Corrections. Rule 26(e) requires every party to supplement any required disclosure or discovery response whenever "additional or corrective information has not otherwise been made known to the other parties during the discovery process." Local Rule of Court 26.1(d) requires parties to supplement all discovery responses no later than 30 days prior to trial, which is set in this case for October 29, 2014. To the extent that Plaintiff is simply seeking production of "additional" medical records created since July 2012, Defendants are ordered to supplement their discovery disclosures and responses and produce all of Plaintiff's medical records dating from July 2012 to the present. Defendants' supplemental disclosures are due by September 29, 2014.

**II. Objections to the Magistrate Judge's Order**

In his Objections (ECF No. 139) to the Magistrate Judge's Order Denying Motions for Revision, Plaintiff requests that the Court review a determination of the Magistrate Judge. On June 12, 2014, the Magistrate Judge entered an order denying three separate motions for revision filed by Plaintiff. Plaintiff had previously raised the same issues in other motions, which the Magistrate Judge had denied and this Court had affirmed on review. The Magistrate Judge concluded that Plaintiff's motions did not set out any new facts or legal authority to support Plaintiff's request for revision or reconsideration. The Magistrate Judge construed one of Plaintiff's motions for revision as a motion to amend his complaint and name another correctional officer as a defendant. The scheduling order's deadline for amending pleadings was November 25, 2012. Plaintiff stated that he learned of the officer's identity in August 2013 but did not file a motion to add the officer as a party until March 2014. The Magistrate Judge held that Plaintiff could not demonstrate good cause for his failure to move to add the officer sooner. In Plaintiff's objections to the Magistrate Judge's decision, Plaintiff cites a number of other instances of delay in the case and argues that each example was attributable to Defendants, not himself. As such, Plaintiff asks the Court to set aside the Magistrate Judge's order.

The Court considers Plaintiff's legal objections to the Magistrate Judge's order under a contrary to law standard,[1] meaning "the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."[2]

---

[1] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[2] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (internal quotation marks and citations omitted). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008)

While Plaintiff argues in some detail about delays in the orderly progress of his case and charges Defendants with those delays, Plaintiff has failed to acknowledge that he waited several months before raising the identify of Officer Mawby with the Court. The Court finds no error in the Magistrate Judge's holding that Plaintiff had not acted diligently to amend his pleadings sooner. The Sixth Circuit has described a party's diligence in meeting case management deadlines as "the primary measure of Rule 16's good cause standard."[3] Therefore, the Magistrate Judge's order is **AFFIRMED**, and Plaintiff's objections to the Magistrate Judge's order are overruled.

**III. Motion for Sanctions to Strike Medical Records and Motion for Order to Show Cause**

In his Motion for Sanctions (ECF No. 141), Plaintiff moves for a court order sanctioning Defendants for obtaining and filing on the record Plaintiff's medical records relating to treatment Plaintiff received from Dr. Cobb. Plaintiff argues that Defendants subpoenaed the records without first obtaining a signed HIPAA release from Plaintiff authorizing their disclosure. Plaintiff further argues that Defendants improperly filed copies of the records on the docket in this case and did not file the records under seal. Plaintiff requests that the Court strike the medical records from the docket and impose "appropriate" sanctions against Defendants.

Defendants have responded in opposition. Defendants do not object to Plaintiff's request that the Court strike the medical records from the docket. Defendants do point out that the records were filed in a redacted form. Defendants also deny that they received the records unlawfully. Defendants

---

("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

[3] *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (quotation omitted).

argue that the records do not contain any private medical information Plaintiff himself has not already disclosed in the case. The records are also relevant to Plaintiff's injury claims in this suit. As such, Defendants contend that the Motion for Sanctions should be denied. In his Motion for Order to Show Cause (ECF No. 146), Plaintiff argues that the Court should require Defendants to show with greater particularity what steps they took to obtain Plaintiff's medical records lawfully. In response to the Motion for Order to Show Cause, Defendants argue that they properly subpoenaed Plaintiff's medical records under federal law by also giving Plaintiff notice of the subpoena and an opportunity to object.[4] Plaintiff did not object or take any steps to have the subpoena quashed.

The Court finds that it need not reach the issue of how the medical records were obtained or whether Defendants acted properly in obtaining them. The parties agree that striking the records would cure any prejudice or address any privacy concerns raised by Plaintiff. Rather than strike the records outright, the Court orders the Clerk of Court to place the records at ECF No. 88 under seal. Otherwise, Plaintiff's Motion for Sanctions is **DENIED.**

**IV. Motion for Leave to Amend Complaint**

In his Motion for Leave to File Amended Complaint (ECF No. 143), Plaintiff only explains that the proposed amended complaint will "correct insufficiently stated claims." Plaintiff has

---

[4] Defendants rely on 45 C.F.R. § 164.512, which states as follows: "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding [i]n response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, [i]f the covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request." 45 C.F.R. § 164.512(e)(1)(ii)(A).

attached a copy of his proposed amended pleadings to his Motion. Defendants have responded in opposition. Defendants construe the proposed amended complaint to include new state law causes of action as well as allegations of criminal conduct. Defendants oppose the Motion because the deadline for amending pleadings and completing discovery has long passed. Any amendment to the pleadings at this stage of the case would be prejudicial to Defendants. Therefore, the Court should not allow Plaintiff to amend.

As previously noted, Rule 16(b) requires the entry of a scheduling order and among the mandatory deadlines listed in the Rule is a deadline for amending pleadings. The deadline for amending pleadings established in this case was November 25, 2012. Plaintiff's Motion comes more than 19 months after the deadline for amending pleadings. Plaintiff has cited no new evidence or any other previously unavailable information which he now proposes to include in his amended pleadings. Nor has Plaintiff shown any cause for his failure to amend his complaint before now on the eve of trial. Plaintiff only states without any explanation that the proposed amended complaint will "correct insufficiently stated claims." Permitting Plaintiff to amend so close to trial and long after the close of discovery would unfairly prejudice Defendants. The Court holds then that Plaintiff's Motion is now untimely and must be **DENIED**.

**V. Motion for Sanctions or in the Alternative to Compel**

In his Motion for Sanctions or in the alternative Motion to Compel (ECF No. 144), Plaintiff states that he propounded requests for admission on Defendants on May 19, 2014, and that Defendants have failed to respond. Plaintiff requests that the Court "identify the offending conduct with reasonable specificity," sanction Defendants under Rule 37(c)(2) for their failure to respond,

and deem all of the facts in the requests for admission as admitted or in the alternative order Defendants to respond.[5] In their response in opposition, Defendants argue that Plaintiff did not serve the requests before the discovery deadline passed, and so Plaintiff's requests are untimely.

Federal Rule of Civil Procedure 36 governs requests for admissions. The Court's initial scheduling order required that "[a]ll discovery pursuant to Federal Rules of Civil Procedure 26 through 35 and Rule 37 shall be completed" by the discovery deadline. The scheduling order clearly exempted requests for admission under Rule 36 from the general discovery deadline. Therefore, Plaintiff's Motion is **GRANTED** in part. Defendants are ordered to respond to Plaintiff's requests for admissions within fourteen (14) days of the entry of this order. Plaintiff has not shown why the Court should impose sanctions under Rule 37(c)(2), which states that sanctions are mandatory "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or that matter true."[6] Clearly, sanctions under this paragraph are premature. Plaintiff has not proven any matter true, and the Court is ordering Defendants to respond to the requests for admissions. Plaintiff's request for sanctions and his alternative request to deem the matters admitted are therefore **DENIED**.

## VI. Motion for Revision

In his Motion for Revision (ECF No. 147), Plaintiff asks the Court to reconsider its order denying his motion for medical examination entered on June 5, 2014. Plaintiff sought a court order to have him transported to a physician's office in Jackson, Tennessee, for the purpose of undergoing

---

[5] Pl.'s Mot. for Sanctions 2.

[6] Fed. R. Civ. P. 37(c)(2).

8

an independent medical examination. The Court denied Plaintiff's motion for several reasons. First, Plaintiff filed the motion only ten days before his appointment was scheduled. The Court found that Defendants were left with insufficient time under the Local Rules of Court to file a response. By the time the Court ruled on the Motion, the appointment had passed. Second, Plaintiff filed his motion after the close of discovery. Perhaps most importantly, Plaintiff had not shown that Rule 35 provided the correct procedure for his request for medical examination. As such, the Court denied Plaintiff's motion.

Plaintiff now argues that the Court should reconsider. Plaintiff asserts that opposing counsel was on notice of the appointment even before Plaintiff filed his motion. Plaintiff had addressed correspondence about the examination to counsel for Defendants some weeks before he filed his motion. Even then Defendants failed to make a timely response to his motion, and the Court had to order Defendants to respond. Plaintiff further claims that he was placed on "arbitrary lockdown" while his motion was being briefed and was denied the legal resources he needed to prepare and file his reply brief in a timely fashion. Plaintiff argues at length that his injuries are highly relevant to the issues in this case and that he continues to experience pain from his injuries. Therefore, Plaintiff requests that the Court allow his medical examination and reset the trial date.

The Court holds that reconsideration of its previous order is not warranted. While Plaintiff has elaborated on the relevance of the medical examination, Plaintiff's Motion for Revision has not addressed the Court's earlier conclusions that the discovery deadline had passed and that relief under Rule 35 was not available.[7] These determinations were and remain dispositive of Plaintiff's request

---

[7] Plaintiff seems to argue that he was deprived of access to legal materials and that this deprived him of the opportunity to prepare a reply brief. Plaintiff actually filed a reply brief (ECF No. 135), which was docketed the day after the Court entered its order denying the motion

for a medical examination. Therefore, the Motion for Revision and the accompanying request to continue the trial date are **DENIED**.

**VII. Motions to Amend/Correct Motion for Reopening Discovery**

In his Motions to Amend/Correct Motion for Reopening Discovery (ECF Nos. 148 and 149), Plaintiff requests that the Court allow him to amend his previously filed Motion for Reopening Discovery to include additional requests for production of certain documents. Specifically, Plaintiff seeks to provide or to obtain the following as part of a reopened discovery period: (1) an executed authorization for the release of Plaintiff's health information from TDOC; (2) recordings of interviews with Defendants taken during TDOC's internal investigation of the incident; (3) original photographs of Plaintiff's injuries sustained during the alleged incident, which were taken as part of TDOC's internal investigation; (4) a copy of the transcripts and video recording of Plaintiff's deposition; and (5) a copy of Defendant's liability insurance agreement with TDOC. Plaintiff states that the documents are required for his trial preparation.

Defendants have responded in opposition to Plaintiff's requests. Defendants continue to argue generally that the discovery period is closed and that the Court should not reopen discovery so close in time to the trial. As for Plaintiff's request to submit a signed release for his medical records, Defendants assert that it is unnecessary for Plaintiff to sign a release. Plaintiff can review his own records at Northwest Correctional Facility. Defendants next state that no recorded

---

for medical examination. Even if Plaintiff had filed his reply before the Court rendered its decision, the Court would not have considered it. Plaintiff did not comply with the Local Rules and seek leave to file the reply. *See* Local R. 7.2(c) (allowing reply briefs only by leave of court and where the party files a motion for leave to submit a reply within seven days of service of the response brief).

interviews with Defendants exist and are not in Defendants' possession. Likewise, Defendants are not in possession of any original photographs of Plaintiff's injuries. Defendants only have color photocopies, which they have provided to Plaintiff during the regular discovery period. Defendants also object to producing a copy of the transcript or video to Plaintiff. Defendants argue that they are not required to produce a copy of the transcript or video to Plaintiff and that Plaintiff has had the opportunity to obtain his own copy. Finally, Defendants respond that no such liability insurance agreement exists here due to the fact that the state of Tennessee is self-insured.

The Court holds that Plaintiff's Motions are not well-taken. For the reasons already given, the Court denies Plaintiff's request to re-open discovery in this case. The Court has already held that no cause exists for reopening discovery at this juncture of the case. To the extent that Plaintiff's Motions to Amend/Correct Motion for Reopening Discovery are derivative of the underlying Motion for Reopening Discovery, the Motions are **DENIED**. Even on the merits, Plaintiff is not entitled to most of the additional discovery he seeks. Plaintiff has shown no cause for requiring Defendants to provide him with a free copy of the transcript or video recording of Plaintiff's deposition. Other courts to have addressed the issue have held that even plaintiff proceeding in forma pauperis is not entitled to free deposition transcripts, much less free video recordings of a deposition.[8] Accordingly, the request for a copy of the deposition is denied. Otherwise, the Court finds it unnecessary for Plaintiff to execute a signed release for his medical records. And as for the request for photographs or recorded interviews with Defendants, it appears that no such evidence exists. Therefore, Plaintiff's requests for discovery are **DENIED**.

---

[8] *Tabron v. Grace,* 6 F.3d 147, 158–60 (3d Cir. 1993); *Rivera v. DiSabato,* 962 F. Supp. 38, 40 (D.N.J.1997) (holding that *in forma pauperis* prisoner was not entitled to a free transcript of his deposition in a civil rights suit).

With respect to Plaintiff's medical records, the Court restates its previous instruction: Defendants are ordered to supplement their discovery disclosures and responses and produce all of Plaintiff's medical records dating from July 2012 to the present. Defendants' supplemental disclosures are due by September 29, 2014.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 12, 2014.