IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY AARON BAXTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-2667-STA-tmp |
| | ) |
| STATE OF TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS**

Before the Court is Defendants Arthur Mallory, Robert Moffatt, and John Moffatt's Motion to Dismiss Defendants in their Official Capacities (ECF No. 173) filed on August 28, 2014. Plaintiff Timothy Aaron Baxter has filed a response in opposition. For the reasons set forth below, Defendants' Motion is **GRANTED**.

**BACKGROUND**

On September 9, 2010, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. According to the pleadings, on September 11, 2009, Plaintiff was incarcerated at the West Tennessee State Penitentiary and was traveling in a truck driven by Officer Mallory. When Plaintiff complained to Officer Mallory that he was driving recklessly, Officer Mallory allegedly struck Plaintiff in the head with a radio. The Complaint alleges that Officer Mallory and Officer Robert Moffatt then began to beat Plaintiff to the ground and that Officer Moffatt struck Plaintiff with an ax handle. This case was transferred to the undersigned for

1

all further proceedings on October 2, 2013. A trial is set for October 29, 2014.

In the Motion before the Court, Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's claims for monetary damages against them in their official capacities. Defendants assert that they are immune from suit for damages against them in their official capacities under the Eleventh Amendment. Plaintiff has alleged causes of action for the violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendants contend that section 1983 does not abrogate their Eleventh Amendment immunity. Furthermore, Plaintiff's claims against Defendants in their official capacities are claims against the state of Tennessee. Tennessee has not waived its immunity under the Eleventh Amendment. Therefore, the Court should hold that it lacks subject matter jurisdiction over these claims.

In his response brief, Plaintiff concedes that under applicable law his official capacity claims against Defendants are claims against the state of Tennessee and that such claims are not permitted. However, Plaintiff argues that under the Ex Parte Young doctrine, Defendants are not immune from suit against them in their official capacities for prospective injunctive and declaratory relief. Plaintiff relies on the allegations of his proposed amended complaint (ECF No. 143) in which he alleges that the Tennessee Department of Corrections has failed to provide medical treatment for the injuries allegedly inflicted by Defendants. Based on the allegations of the proposed amended complaint, Plaintiff argues that Defendants' Motion should be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to assert by motion a lack of subject matter jurisdiction as a defense.[1] Rule 12(h)(3) further provides that "[i]f the court determines at any

---

[1] Fed. R. Civ. P. 12(b)(1).

2

time that it lacks subject-matter jurisdiction, the court must dismiss the action."[2] The Sixth Circuit has observed that "Eleventh Amendment immunity is an issue of jurisdiction, but the issue is no longer classified as simply a question of subject matter jurisdiction."[3] "[A]ll that is required to properly raise this 'affirmative defense to jurisdiction' is a motion citing to 'the Eleventh Amendment itself.'"[4] The Eleventh Amendment to the U.S. Constitution grants immunity to states from litigation on state law claims in federal court.[5] "A claim against a state officer acting in his official capacity is deemed to be a claim against the state for sovereign immunity purposes."[6]

## **ANALYSIS**

The Court holds that Defendants are entitled to sovereign immunity from Plaintiff's claims against them for damages in their official capacities. Plaintiff concedes as much in his brief. Defendants' Motion must be granted for this reason alone. Plaintiff goes on to argue that his proposed amended complaint properly alleges a claim for prospective injunctive relief against Defendants in their official capacities. Plaintiff relies on the proposed amended pleading attached to his motion to amend complaint (ECF No. 143) filed on June 30, 2014. The Court denied Plaintiff's motion to amend by order dated September 12, 2014. Therefore, the allegations of the proposed amended complaint are not the operative pleadings in this case and thus cannot support

---

[2] Fed. R. Civ. P. 12(h)(3).

[3] *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 n.13 (6th Cir. 2004) (quoting *Ernst v. Roberts*, 379 F.3d 373 (6th Cir. 2004)).

[4] *Id.*

[5] U.S. Const. amend. XI; *Sossamon v. Texas*, 131 S.Ct. 1651, 1657 (2011).

[6] *VIBO Corp., Inc. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Plaintiff's argument that he has stated claims for prospective injunctive relief against Defendants in their official capacities. The only prayer for relief in Plaintiff's original Complaint (ECF No. 1) is a demand for compensatory damages in the amount of $5 million. The Complaint alleges causes of action against Defendants in their individual capacities as well as their official capacities. Because Defendants are immune from suit for money damages in their official capacities, Plaintiff's claims for damages against them in their official capacities must be dismissed. Therefore, Defendants' Motion to Dismiss is **GRANTED** as to the claims against them in their official capacities. Only Plaintiff's claims against Defendants in their individual capacities remain for trial.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 1, 2014.