# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY AARON BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10-2667-STA-tmp |
| | ) | |
| OFFICER ARTHUR MALLORY, | ) | |
| SERGEANT JOHN MOFFATT, and | ) | |
| OFFICER ROBERT MOFFATT, | ) | |
| | ) | |
| Defendants. | ) | |

## OMNIBUS ORDER ON PENDING MOTIONS

On June 16, 2015, the Court conducted a final pretrial conference with the parties. Present at the conference were Plaintiff Timothy Aaron Baxter, who is proceeding *pro se*, and counsel for Defendants Arthur Mallory, John Moffatt, and Robert Moffatt. A jury trial is set to commence on June 24, 2015. Before the Court are a number of pending motions filed by the parties. The Court's rulings on the parties' motions are set forth below.

**I. Plaintiff's Motion for Partial Summary Judgment**

On April 17, 2015, Plaintiff filed a Motion for Partial Summary Judgment (ECF No. 276), seeking judgment as a matter of law only on the issue of Defendant Robert Moffatt's liability. Plaintiff alleges that Moffatt assaulted him in the tomato field. Defendants have responded in opposition and argue that the Motion was filed outside of the scheduling order's deadline for dispositive motions. Federal Rule of Civil Procedure 16(b)(3) requires the Court to enter a case management scheduling order and set a deadline for, among other things, the filing of dispositive

1

motions. In this case, the dispositive motion deadline passed on December 26, 2012, and was never extended beyond that date. Plaintiff filed his Rule 56 Motion more than two years later on April 17, 2015. And based on the record before the Court, the issue of Robert Moffatt's liability is contested. Therefore, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

## II. Motions to Amend Witness Lists and Exhibit List

On October 22, 2014, the Court entered a pretrial order (ECF No. 217). At that time the case was set for trial on October 29, 2014. Subsequent to the entry of the pretrial order, the Court continued the trial and then reset it for June 2015.[1] Since that time the parties have filed a series of motions to amend their witness lists as they appear in the October 2014 pretrial order. The Court's rulings on these motions are as follows:

A. Records Custodian. On October 24, 2014, Defendants filed their first Motion to Amend Witness List (ECF No. 225), requesting to add the custodian of medical records at the Northwest Correctional Complex to their witness list. That Motion is **GRANTED**.

B. Officer J. Pressley. On February 18, 2015, Plaintiff filed a Motion to Supplement his Witness List (ECF No. 261) to add a correctional officer at the Westn Tennessee State Penitentiary identified as J. Pressley. According to Plaintiff, this officer was a witness to Defendant John Moffatt choking the Plaintiff when Plaintiff returned to the prison's sally port. Defendants have not responded to Plaintiff's Motion. Because Officer Pressley appears to have personal knowledge of the assault, Plaintiff's Motion is **GRANTED**. As Officer Pressley is an employee of the Tennessee Department of Corrections, counsel for Defendants is ordered to make Officer Pressley available as a

---

[1] The Court continued the October 2014 trial on motion of the Defendants. The Court initially reset the trial for March 2015 and had to continue that setting *sua sponte*. Just before the March 2015 setting, Defendants filed a proposed pretrial order (ECF No. 250), which appears to

trial witness.

      C. David M. Carter. On June 1, 2015, Plaintiff filed a "report" (ECF No. 286), stating he had attempted to obtain contact information for David M. Carter but had been unsuccessful in locating him. Carter is not currently on the plaintiff's witness list, and the Court construes the report as a motion to add Carter as a trial witness. Plaintiff's request to list Carter as a trial witness is **GRANTED**. However, Plaintiff's request for the Court to locate Carter is **DENIED**. Plaintiff will be responsible for ensuring Carter's appearance at trial.

      D. Margie Hayes and Shauna Jennings. On May 5, 2015, Defendants filed under seal a second Motion to Amend Witness List (ECF No. 279), seeking to add Margie Hayes and Shauna Jennings as trial witnesses. According to Defendants, these witnesses will testify about the existence of only one video recording from the prison's sally port, which purportedly depicted Defendant John Moffatt choking Plaintiff. While Plaintiff opposes the Motion, Plaintiff admits that a fact dispute exists about the number of video recordings of the sally port. For good cause shown, Defendants' Motion is **GRANTED**.

      E. Ben Lindamood and Joe Lee Williams. In his response in opposition to Defendants' motion to add Hayes and Jennings (ECF No. 281), Plaintiff has moved to add Ben Lindamood and Joe Lee Williams as trial witnesses. Plaintiff states that both are management information systems specialists who perform maintenance on the cameras and data storage systems at the West Tennessee State Penitentiary. Defendants state that they do not oppose Plaintiff's request to add Lindamood and Williams to Plaintiff's witness list, though counsel for Defendants does not believe that these witnesses have any relevant testimony to give. The Court makes no ruling on the admissibility of

---

be identical to the pretrial order the Court entered in October 2014.

their testimony. The Court merely finds cause to add Lindamood and Williams to Plaintiff's witness list. Therefore, the Motion is **GRANTED**. Counsel for Defendants stated at the pretrial conference that they would ensure the appearance of these witnesses at trial.

F. James C. Guin. Finally, on June 12, 2015, Defendants filed a Motion to Supplement their Witness List and their Exhibit List (ECF No. 295). Defendants seek to add James C. Guin as a trial witness. According to Defendants, Guin will offer additional testimony about the video recording equipment in the sally port at the West Tennessee State Penitentiary. Defendants also request to add overhead photos of the sally port to their exhibit list. For good cause shown, Defendants' Motion is **GRANTED**.

The Court will enter a revised pretrial order to include the names of the witnesses identified in these rulings.

**III. Motions in Limine**

The parties have filed a series of motions in limine, most of which were submitted in advance of the previous trial setting in October 2014. The Court's rulings on these motions are as follows:

A. Jerry Walford. On October 22, 2014, Plaintiff filed a Motion to Strike (ECF No. 220), arguing that the Court should exclude the testimony of Jerry Walford, an inmate at the West Tennessee State Penitentiary. Plaintiff contends that Defendants had not previously disclosed Walford as a witness during discovery. Defendants respond that Walford is an inmate and eyewitness to the alleged assault on Plaintiff. Defendants explain that during discovery Plaintiff was provided with an internal report documenting Walford's account of the assault but with Walford's named redacted for his protection. Defendants add that Walford was listed as a witness in a proposed pretrial order (ECF No. 161) Defendants filed back in July 2014. The Court finds good

4

cause to allow Walford's testimony. Walford has relevant, firsthand knowledge of the alleged assault. Plaintiff received the substance of Walford's testimony during discovery and learned of Walford's identity no later than October 2014 when Defendants responded to Plaintiff's Motion to Strike.[2] What is more, Defendants were required to disclose Walford as a witness as part of its pretrial disclosures, which were due at least 30 days before trial pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure. The Court finds no violation of this requirement here. Therefore, Plaintiff's Motion to Strike is **DENIED**.

B. Plaintiff's Permanent Injury. On October 23, 2014, Defendants filed a Motion in Limine (ECF NO. 224) to exclude any testimony or evidence about permanent injuries suffered by Plaintiff as a result of the alleged assault. Defendants argue that Plaintiff must adduce expert proof to establish these injuries. Plaintiff has identified Dr. John Hochberg as his treating physician and stated his intention to have Dr. Hochberg testify by video at trial. It is not clear at this time whether Dr. Hochberg will testify at trial. At the pretrial conference, Plaintiff indicated that he still hoped to call Dr. Hochberg as a witness. The Court advised Plaintiff, just as it did on previous occasions when the Court discussed with Plaintiff Dr. Hochberg's availability to testify at trial, that he would be responsible for making all necessary arrangements to produce Dr. Hochberg and have him testify at trial. The Court finds then that it cannot make a final determination of Defendants' Motion until trial commences. For these reasons, the Court takes Defendants' Motion in Limine under advisement.

C. Hearsay Testimony. On February 19, 2015, Defendants filed a Motion in Limine (ECF

---

[2] On June 11, 2015, the Court granted Defendants' Motion for a Writ of Habeas Ad Testificandum as to Walford. Defendant had previously filed an identical motion (ECF No. 249) to have Walford produced at the trial set for March 2015. That earlier motion is **DENIED** as

No. 256, as amended by 258) to exclude any hearsay testimony from Plaintiff at trial. Federal Rule of Evidence 801(c) defines hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 802 provides that hearsay is not admissible. Defendants argue that the Court should instruct Plaintiff that he cannot testify about what other parties said unless some exception to the rule against hearsay applies. Because hearsay testimony would not be admissible, Defendants' Motion is **GRANTED**.

D. Drug/Tobacco Conspiracy. Also, on February 19, 2015, Defendants filed a Motion in Limine (ECF no. 257, as amended by 262) to exclude any testimony from Plaintiff about an alleged drug/tobacco conspiracy at the prison. Defendants assert that Plaintiff will attempt to introduce his theory that Defendants promised other inmates tobacco or drugs in exchange for the inmates' favorable statements during an internal investigation of the alleged assaults. Defendants argue that Plaintiff lacks any firsthand knowledge to support his theory and should not be allowed to testify about it. The Court addressed this specific issue at the pretrial conference and stated from the bench that absent some corroborating proof, the Court would not permit Plaintiff to interject this theory at trial. Consistent with the Court's bench ruling, Defendants' Motion is **GRANTED** on this issue.

E. Irrelevant Testimony. Defendants also filed on February 19, 2015 a Motion in Limine (ECF No. 259, as amended by 260) to exclude any trial testimony from Plaintiff about matters that are not relevant to the alleged assault. Without elaborating on the specifics of this prospective testimony, Defendants have requested that any testimony on the following topics be excluded: evidence "about other potential defendants, criminal contempt of someone relating to the discovery

---

moot.

issues, the use of [the plaintiff's] medical records in this case, and possible other matters that have nothing to do with his excessive force claim." Federal Rule of Evidence 401 provides that relevant evidence is any fact tending "to make a fact more or less probable than it would be without the evidence" and "of consequence in determining the action."[3] The Court will not admit any proof that fails to satisfy this requirement. Defendants' specific request to exclude any testimony from Plaintiff about possible criminal contempt or other discovery-related problems would not appear to be relevant to his claims that Defendants acted under color of state law to deprive Plaintiff of his constitutional rights. Therefore, Defendants' Motion is **GRANTED**.

F. Defendants' Procurement of Plaintiff's Medical Records. In their final Motion in Limine (ECF No. 264), Defendants seek to exclude any testimony from Plaintiff complaining about how counsel for Defendants came to possess some of Plaintiff's medical records. It is undisputed that counsel for Defendants obtained Plaintiff's medical records from the Tennessee Bone and Joint Clinic by means of subpoena. According to Defendants, Plaintiff has accused counsel of subpoenaing the records illegally because counsel did not first get Plaintiff to execute a release. Defendants are concerned that Plaintiff will make an accusation about his records during his trial testimony. The Court finds such testimony is not relevant and should therefore by excluded. Defendants' Motion is **GRANTED**.

## IV. Other Pending Motions

On October 6, 2014, Plaintiff filed a "report and motion for failure to comply with court order" (ECF No. 196), seeking a court order to compel Defendants to produce missing x-rays of his left elbow and left shoulder as well as missing medical records. The Court notes that at each of the

---

[3] Fed. R. Evid. 401.

conferences held since Plaintiff filed this Motion, Plaintiff has not raised the issue with the Court or sought any other relief as to the x-ray films and medical records. Furthermore, the parties have now filed an agreed list of exhibits (ECF No. 297), which Plaintiff intends to introduce at trial, among them multiple x-ray films. Based on this record, Plaintiff's "report and motion" is **DENIED** as moot.

On October 17, 2015, Plaintiff filed a Motion to Strike (ECF No. 208). Plaintiff argued then that the Court should impose sanctions of some kind against Defendants for the late disclosure of certain evidence sought by Plaintiff during the regular discovery period. Later, Plaintiff filed motions for default (ECF No. 228, 230) seeking the sanction of default judgment against Defendants for the same discovery problems. The Court denied (ECF No. 246) Plaintiff's motions for default on February 6, 2015. The Court did decide that it would be appropriate to refer to the United States Magistrate Judge the question of whether some sanction short of default might be warranted. On March 16, 2015, the Magistrate Judge denied Plaintiff's request for a lesser sanction. The Court finds that Plaintiff's earlier Motion to Strike duplicates the motions for default the Court has now decide. Therefore, the Motion to Strike is **DENIED**.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 18, 2015