# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY AARON BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10-2667-STA-tmp |
| | ) | |
| OFFICER ARTHUR MALLORY, | ) | |
| SERGEANT JOHN MOFFATT, and | ) | |
| OFFICER ROBERT MOFFATT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Before the Court is Plaintiff Timothy Aaron Baxter's Motion for New Trial (ECF No. 326) filed on July 27, 2015. Defendants Arthur Mallory, Robert Moffatt, and John Moffatt have responded in opposition. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On September 9, 2010, Plaintiff filed a *pro se* Complaint alleging claims for the violation of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the pleadings, on September 11, 2009, Plaintiff was incarcerated at the West Tennessee State Penitentiary and was traveling in a truck driven by Officer Arthur Mallory. When Plaintiff complained to Officer Mallory that he was driving recklessly, Officer Mallory struck Plaintiff in the head with a radio. The Complaint alleges that Officer Mallory and Officer Robert Moffatt then began to beat Plaintiff to the ground and that Officer Moffatt struck Plaintiff with an ax handle. Trial commenced on Plaintiff's claims on June 24, 2015. After a three-day trial, the jury returned a verdict in favor of Defendants on June 26, 2015.

1

The Court entered its judgment on June 29, 2015.

In the Motion before the Court, Plaintiff requests a new trial pursuant to Rules 59, 60, and 61 of the Federal Rules of Civil Procedure. Plaintiff has filed in conjunction with his Motion for New Trial a Motion for Transcript and explained that he "reserves the right to amend and brief all the issues that are and are not included, after review of the transcripts, record and other newly discovered evidence, to present at a requested evidentiary hearing." Plaintiff then proceeds to list twenty-seven separate grounds supporting his request for a new trial. Each assignment of error falls into one or more of the following categories: (1) pretrial rulings; (2) evidentiary rulings at trial; (3) Defendants' closing arguments and the jury instructions; (4) fraud on the Court; (5) Plaintiff's pretrial treatment and confinement; and (6) jury selection and juror bias. Plaintiff concludes with a request for a transcript, an opportunity for discovery, and additional briefing all leading up to an evidentiary hearing.

Defendants have responded in opposition to Plaintiff's Motion. Defendants read Plaintiff's brief to say, at least in part, that the jury's verdict was against the weight of the evidence in this case. Defendants emphasize that the jury rejected Plaintiff's claims against each of them. According to Defendants, there was no evidence that any of them applied force to Plaintiff maliciously and sadistically to harm him. Defendants further argue that the jury appeared to take its task seriously; jurors remained alert, took notes, and deliberated to a unanimous verdict. Under the circumstances, it cannot be said that the verdict was against the weight of the evidence. Defendants next argue that Plaintiff has failed to identify any erroneous ruling from the Court, which would justify his request for a new trial. Defendants suggest that Plaintiff was actually received the benefit of favorable rulings and other latitude from the Court due to the fact that he acted *pro se*. As for Plaintiff's claims

of attorney misconduct, Defendants contend that the Court addressed Plaintiff's claims in this regard prior to trial and that Plaintiff has not shown how the Court's rulings caused him any prejudice. Defendants argue that in the final analysis, Plaintiff's Motion is merely an attempt to relitigate several of the issues the Court has already considered and decided. While Plaintiff is understandably disappointed in the verdict, relief under Rules 59, 60, and 61 would not be proper. As such, the Motion for New Trial should be denied.

## STANDARD OF REVIEW

Under Rule 59, after a jury trial, a court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."[1] A new trial is appropriate when the jury reaches a seriously erroneous result as evidenced by (1) the verdict being against the clear weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.[2] Furthermore, "a motion for a new trial will not be granted unless the moving party suffered prejudice."[3] In this regard the party seeking a new trial has the burden to show harmful prejudice.[4] The Sixth Circuit has explained that "the governing principle in the district court's consideration of a motion for a new trial is whether, in the judgment of the trial judge, such course is

---

[1] Fed. R. Civ. P. 59(a).

[2] *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509–10 (6th Cir. 2013) (citing *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012) (internal quotation marks and brackets omitted).

[3] *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004).

[4] *Simmons v. Napier*, No. 14-2013, 2015 WL 5449962, at *2 (6th Cir. Sept. 16, 2015) (citing *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 541 (6th Cir. 1993)).

required in order to prevent an injustice . . . ."[5] The party seeking a new trial bears "a heavy burden."[6]

Rule 60(b) of the Federal Rules of Civil Procedure provides that parties may file a motion to alter or amend a judgment at any time after entry of that judgment.[7] Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding under the following limited circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[8] Generally, Rule 60(b) relief must be "circumscribed by public policy favoring finality of judgments and termination of litigation."[9]

Plaintiff has also requested relief under Rule 61 of the Federal Rules of Civil Procedure, which states as follows: "Unless justice requires otherwise, no error in admitting or excluding

---

[5] *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (quoting *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation marks omitted)).

[6] *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993).

[7] Fed. R. Civ. P. 60(b).

[8] *Id.*

[9] *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).

evidence-or any other error by the court or a party-is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not effect any party's substantial rights."[10] "Under the harmless error rule, an error in admitting or excluding evidence may furnish a basis for granting a new trial only if it affects a party's 'substantial rights' or if justice so requires."[11]

## ANALYSIS

Plaintiff has raised a number of issues in support of his request for a new trial. However, Plaintiff has not shown that a new trial is required to prevent an injustice in this case. Most of Plaintiff's assignments of error do not warrant relief, either because Plaintiff has not shown that any error was committed or that any error was anything more than harmless. Therefore, Plaintiff's Motion for New Trial must be denied.

**I. Lack of Particularity or Evidentiary Support**

As an initial matter, Plaintiff has failed to describe with specificity the grounds supporting his Motion for New Trial. Federal Rule of Civil Procedure 7(b) requires that requests for a court order be made by motion and that motions state with particularity the grounds for seeking the order.[12] In the context of Rule 59 motions for new trial, Rule 7(b) "does not require ritualistic detail but rather a

---

[10] Fed. R. Civ. P. 61.

[11] *CFE Racing Prods., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 584 (6th Cir. 2015).

[12] Fed. R. Civ. P. 7(b)(1).

fair indication to court and counsel of the substance of the grounds" for the motion.[13] The Sixth Circuit has commented in dicta that a party's "grounds in its motion for a new trial must be 'reasonably specific' in order to comply with the particularity requirement imposed by Rule 7(b)(1)."[14]

The Court holds that Plaintiff's Motion for New Trial largely fails to comply with Rule 7(b). Plaintiff's Motion offers only a numbered list of what are, in many respects, conclusory assertions about supposed errors in the proceedings and the prejudicial effect the errors had on Plaintiff's case. Plaintiff cites no case law or legal authority as to any of the errors and makes no legal arguments to show why he is entitled to any relief. As the party bearing the "heavy burden" to demonstrate cause for a new trial,[15] Plaintiff's Motion does not give Defendants reasonable notice of the grounds supporting each of his contentions. Under the circumstances, Defendants were forced to anticipate arguments, which may or may not have been raised in the first instance by Plaintiff. Perhaps more importantly, the Court is left to speculate about many of Plaintiff's arguments due to the lack of specificity in his memorandum and the total lack of supporting authority. The Court finds that Plaintiff's Motion, by and large, does not provide "a fair indication to court and counsel of the substance of the grounds" for a new trial.[16]

Plaintiff has also asserted a number of errors but without providing any supporting exhibits, transcripts, or other proof to show with particularity what grounds exist for his claims. It is true that

---

[13] Fed. R. Civ. P. 59, advisory committee's note to the 1966 amendment.

[14] *Intera Corp. v. Henderson*, 428 F.3d 605, 612 (6th Cir. 2005) (quoting *Lack Indus., Inc. v. Ralston Purina Co.*, 327 F.2d 266, 274 (8th Cir. 1964)).

[15] *Miller*, 989 F.2d at 1466.

Plaintiff filed a Motion for Transcripts (ECF No. 324) in conjunction with his Motion for New Trial. Plaintiff argues that a trial transcript (as well as transcripts of other pretrial hearings) is required to "protect" his Motion for New Trial, Motion for Relief from Judgment, and an unspecified evidentiary hearing. Plaintiff also reserves his right to amend his Motion for New Trial once he has reviewed the trial transcript and had the opportunity to identify more assignments of error supporting his request for a new trial.

Plaintiff's Motion for Transcripts and request to amend his Motion for New Trial simply comes too late. The problem lies in the fact that Federal Rule of Civil Procedure 59(b) requires a motion for new trial to be filed within 28 days of the entry of judgment,[17] and Rule 6(b) prohibits the Court from extending the time for filing a motion for new trial.[18] Plaintiff filed his Motion for New Trial within 28 days of the entry of judgment, making the request for a new trial timely. But by waiting until the 28th day after entry of judgment to file his Motion for Transcripts, Plaintiff made it impossible for a trial transcript to be prepared in time for his use of the transcript to support his Rule 59 Motion. Plaintiff essentially asks the Court to order the preparation of transcripts so that Plaintiff can flesh out his skeletal Motion for New Trial at a later date, far outside of the 28-day time limit for a motion for new trial. The Court lacks the authority to grant Plaintiff additional time to develop his

---

[16] Fed. R. Civ. P. 59, advisory committee's note to the 1966 amendment.

[17] Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after entry of judgment.").

[18] Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).")

Rule 59(b) Motion. The Court now turns to consider the separate grounds for relief listed in Plaintiff's Motion for New Trial.

**II. Pretrial Rulings**

Plaintiff's Motion raises a number of issues the Court already considered and decided in its pretrial rulings: (1) the exclusion of Plaintiff's witnesses Chris Rogers, John Wallace, and Ricky Alexander; (2) Defendants' late production of documents identifying Corporal Mawby as the corrections officer who squeezed Plaintiff's handcuffs at the sally port; (3) Plaintiff's request for appointment of counsel; (4) Plaintiff's discovery request for Defendants' personnel records; (5) Plaintiff's motion to depose Defendants and a TDOC representative; (6) the dismissal of Plaintiff's denial of medical treatment claim; (7) Plaintiff's request for sickcall rosters; (8) Plaintiff's request for a pretrial medical examination; (9) Plaintiff's request for the Court to conduct an in camera review of Defendants' personnel files; (10) Plaintiff's objections (ECF No. 139) to an order entered by the Magistrate Judge; (11) Plaintiff's motion to amend his pleadings; and (12) Plaintiff's motion for partial summary judgment as to Defendant Robert Moffatt. Because the Court has already issued orders or rulings on each of these issues prior to trial, the Court will treat Plaintiff's request as motion for revision or reconsideration of each ruling.

Rule 59(e) of the Federal Rules of Civil Procedure provides that parties can file a motion to alter or amend a judgment within twenty-eight (28) days of entry of that judgment.[19] Motions under Rule 59(e) may be supported by any of the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest

---

[19] Fed. R. Civ. P. 59(e).

injustice.[20] The Court finds that Plaintiff has made none of these showings here. On the contrary, Plaintiff either already raised these arguments in his earlier motions or could have raised them.[21] Under the circumstances, "where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."[22] Therefore, Plaintiff's Motion for New Trial is **DENIED** as to each of these grounds for relief.

**III. Evidentiary Rulings at Trial**

Next, Plaintiff's Motion raises several objections to the Court's evidentiary rulings at trial:

• allowing counsel for Defendants' alleged misrepresentations about unspecified material facts to impeach the testimony of Plaintiff's witness Calvin Darnell, facts which apparently concerned or originated with Desmond McCorkell, a witness the defense never disclosed;[23]

• the admission of Dustin Chumley as a witness, even though Defendants had not disclosed

---

[20] *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009).

[21] *See Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2810.1 pp. 127-128 (2d ed. 1995)); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (explaining that Rule 59(e) motions should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion).

[22] *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993)).

[23] Plaintiff actually goes further and asserts that counsel for Defendants perpetrated a fraud on the Court. However, Plaintiff has not substantiated this claim in any way. McCorkell was not called as a witness, and Plaintiff has not explained how Defendants used information from McCorkell to impeach Darnell, much less how their use of the information violated the Federal Rules of Civil Procedure or the Federal Rules of Evidence. The Court considers this and other claims of fraud on the Court below.

him prior to trial;

• the admission of Defendant Arthur Mallory's testimony contradicting the testimony of Plaintiff's mother Linda Riddle without additional evidence to support Mallory's testimony;

• the introduction of Defendants' "due process violation defense" as well as comments about Plaintiff's disciplinary hearing when the doctrine of *res judicata* should have precluded the Defendants from contesting the outcome of the hearing;

• the admission of Plaintiff's mental health records, which contained privileged and confidential information and were otherwise unfairly prejudicial to Plaintiff;

• the admission of unspecified, irrelevant prison records pertaining to Plaintiff and dating more than ten years prior to the relevant events in this case;

• the introduction of Plaintiff's medical records from the West Tennessee Bone and Joint Clinic without a proper foundation; and

• the exclusion of Plaintiff's written grievances against Defendants.

Motions for new trial based on an erroneous evidentiary ruling require the Court to evaluate the evidentiary ruling under an abuse-of-discretion standard.[24] A district court abuses its discretion by relying on clearly erroneous findings of fact, improperly applying the law, or using an erroneous legal standard.[25] However, it is not enough for the party moving for a new trial to demonstrate a mistake in admitting or excluding evidence.[26] The moving party must show that the evidentiary error

---

[24] *Cummins*, 727 F.3d at 510 (citing *United States v. Morales,* 687 F.3d 697, 701–02 (6th Cir. 2012)).

[25] *Id.*

[26] *Kendel v. Local 17–A United Food & Commercial Workers,* 512 F. App'x 472, 479

"amounted to more than harmless error."[27] An erroneous evidentiary ruling will justify a new trial only if it was not harmless and affected the outcome of the proceedings.[28]

The Court holds that Plaintiff has not carried his burden to show that an error occurred at trial. Plaintiff's Motion raises these assignments of error but without providing any additional context to specify what testimony a witness gave, whether Plaintiff raised a contemporaneous objection to each ruling, what arguments Defendants made in response to Plaintiff's objection, and the reasons given by the Court for its ruling. As such, Plaintiff has not set forth the grounds for his arguments with the particularity required under the Federal Rules of Civil Procedure. Plaintiff's Motion would be denied as to these issues for this reason alone.

The arguments the Court can divine from Plaintiff's Motion do not suggest error at all. For example, Plaintiff's complains that Defendant Arthur Mallory was allowed to contest the testimony of another witness but without introducing additional proof to buttress his contradictory testimony. This objection is without merit. Whether some additional evidence calls a witness's testimony into doubt is a matter of cross-examination; the witness is not required to introduce other proof to corroborate his oral testimony. Plaintiff's argument essentially describes a classic jury question, the credibility of witnesses offering conflicting testimony. This is not a proper basis for a new trial.[29] Other objections raised in Plaintiff's Motion relate to testimony or proof the Court allowed Defendants to introduce in rebuttal or because Plaintiff's own proof opened the door to an issue. The

---

(6th Cir. 2013).

[27] *Field v. Trigg Cty. Hosp., Inc.,* 386 F.3d 729, 736 (6th Cir. 2004).

[28] *Cummins*, 727 F.3d at 510 (citations omitted).

[29] *Wallace v. FedEx Corp.*, 764 F.3d 571, 593 (6th Cir. 2014).

testimony of Plaintiff's mother about her son's lack of violent behavior and his generally cooperative attitude with authority opened the door to much of the proof to which Plaintiff now objects. "When a party offers evidence of his good character, he opens the door for the opponent to admit rebuttal evidence of his prior bad acts."[30]

And even if Plaintiff has shown with particularity that some evidentiary error occurred in this case, Plaintiff has not shown how any error or accumulation of errors affected the outcome of the trial. Plaintiff has asserted in conclusory fashion that some errors violated his "substantive rights to due process." Plaintiff has not cited any legal authority or case law to support his vague due process claims. Without more, the Court holds that Plaintiff has not carried his burden to show that any evidentiary ruling affected the outcome of the proceedings. Therefore, Plaintiff's Motion is **DENIED** as to these issues.

## IV. Counsel's Closing Arguments and the Jury Instructions

Plaintiff argues that counsel for Defendants improperly argued to the jury that Plaintiff's injuries were no more than *de minimis* and that the jury instructions included an improper instruction on *de minimis* injuries. With respect to counsel's closing argument, Plaintiff "must make a concrete showing that [counsel's] conduct consistently permeated the trial such that [Plaintiff was] unfairly prejudiced by the misconduct."[31] In deciding this issue, the Court examines "the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the

---

[30] *Helfrich v. Lakeside Park Police Dep't*, 497 F. App'x 500, 509 (6th Cir. 2012).

[31] *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 542 (6th Cir. 2014) (*Tompkins v. Crown Corr, Inc.,* 726 F.3d 830, 835 (6th Cir. 2013)).

strength of the case (e.g., whether it is a close case), and the verdict itself."[32] If the Court concludes that opposing counsel did make an improper comment, the Court "may set aside the verdict only if there is a reasonable probability that the verdict of the jury has been influenced by such conduct."[33] As for the jury instruction on *de minimis* injury, "[a] party needs only a slim amount of evidence to support giving a jury instruction, but jury instructions must be reviewed as a whole to determine whether an instruction is necessary."[34]  "A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law."[35]

The Court finds no reason to set aside the verdict based on the issue of whether Plaintiff's injuries or some part of his injuries were *de minimis*.  Counsel's argument to the jury was highly relevant to Plaintiff's claims of excessive force and a correct statement of the law. "[A] n excessive-force claimant must show something more than *de minimis* force."[36]  Furthermore, there was a question of fact about what occurred in the tomato field on the occasion of the alleged assault and the extent of Plaintiff's injuries from the assault.  These were issues for the jury to resolve.  Defendants'

---

[32] *Id.* (quoting *Mich. First Credit Union v. Cumis Ins. Soc'y, Inc.,* 641 F.3d 240, 249 (6th Cir.2011)).

[33] *Id.* (quoting *Balsley v. LFP, Inc.,* 691 F.3d 747, 761 (6th Cir. 2012)).

[34] *Tannenbaum v. Fed. Ins. Co.*, 608 F. App'x 316, 319 (6th Cir. 2015) (quoting *Taylor v. TECO Barge Line, Inc.,* 517 F.3d 372, 387 (6th Cir. 2008)).

[35] *Id.* (quoting *Arban v. West Pub. Corp.,* 345 F.3d 390, 404 (6th Cir. 2003)).

[36] *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008) (citing *Hudson v. McMillian,* 503 U.S. 1, 9–10 (1992)).

argument at closing and the instructions to the jury were proper. Therefore, Plaintiff's Motion for New Trial is **DENIED** as to this issue.

**V. Fraud on the Court**

Plaintiff next asserts that the following events at trial constituted a fraud on the court:

• Defendants' failure to disclose Desmond McCorkell as a person with discoverable information;

• Defendants' failure to disclose Dustin Chumley as a witness to be called at trial;

• Lt. Thomas Shell's trial testimony contradicting his earlier affidavit about interviewing all of the inmates who witnessed the assault on Plaintiff; and

• Defendants' failure to produce sick call rosters in discovery.

Rule 60(b)(3) gives the Court discretion to relieve a party from a final judgment in cases of fraud, misrepresentation, or misconduct by an opposing party. The Sixth Circuit has adopted the following definition of fraud in the context of Rule 60(b)(3): "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment."[37] "Fraud" includes "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material."[38] A party moving for relief under Rule 60(b)(3) must establish the alleged fraud

---

[37] *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2008) (citations omitted).

or misrepresentation by clear and convincing evidence.[39] What is more, the moving party must show that absent the fraudulent testimony, "a jury might have reached a different conclusion."[40]

The Court holds that Plaintiff has not carried his high burden to establish any fraud on the Court by clear and convincing evidence or to show that any purported fraud altered the outcome of the trial. None of the supposed acts of fraud went to the heart of the factual questions the jury had to resolve in this case. The Court cannot say that any of the acts or omissions Plaintiff complains of could even be described as fraudulent, much less that they had an effect on the jury's verdict. Therefore, Plaintiff's Motion is **DENIED** as to these issues.

## VI. Plaintiff's Pretrial Treatment and Confinement

In his next grounds for new trial, Plaintiff argues that Defendants "through their agents, servants, etc. interfered with a fair trial by withholding nutrition, placing Plaintiff in solitary confinement from pre-trial conference up until trial a total of three weeks . . ." Plaintiff claims that this treatment affected his ability to prepare for trial. While the Court finds this claim to be serious, Plaintiff has not substantiated it in any way. Plaintiff has not filed an affidavit, setting forth his allegations under penalty of perjury, or any other proof to support his claim. The Court also notes that the pretrial conference occurred on June 16, 2015, and the trial began eight days later on June 24, 2015. Plaintiff's claim that he was placed in solitary confinement for three weeks between the

---

[38] *Id.* (citation omitted).

[39] *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co., Inc.,* No. 09–1610, 2012 WL 154973, at * 9 (6th Cir. May 2, 2012); *Info-Hold, Inc.*, 538 F.3d at 456.

[40] *Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996) (quotation omitted).

15

pretrial conference and the trial simply lacks any support. Moreover, Plaintiff has not explained why he waited to raise his pretrial confinement and treatment in a post-trial Motion for New Trial. At no time during the alleged confinement or during the trial did Plaintiff ever bring this issue to the Court's attention. The Court notes for the record that Plaintiff did report during the trial that some of his meals were delayed at lunch recesses. But an inconvenient delay in having lunch as soon as the Court took a recess is not what Plaintiff has alleged in his Motion for New Trial. Perhaps most importantly, Plaintiff has not shown how Defendants or their attorneys were responsible for Plaintiff's alleged mistreatment. Therefore, Plaintiff's Motion for New Trial is **DENIED** as to this claim.

## VII. Jury Selection and Juror Bias

The remaining issues raised in Plaintiff's Motion for New Trial concern the jury selection process and the conduct of one juror in particular. Plaintiff argues that the jury pool was tainted by the number of veniremen who had some connection to law enforcement or corrections and that the Court abused its discretion by seating jurors over Plaintiff's objection. Plaintiff further argues that one juror "ignored the trial court's instruction that she could not hold it against plaintiff that he did not have an attorney for trial." The Court finds these conclusory claims to be meritless.

The Supreme Court has held that "[t]he Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community."[41] A defendant is not entitled to a jury of any particular composition, and the fact that a certain group is underrepresented or overrepresented in a venire does not, standing alone, prove a

---

[41] *Berghuis v. Smith,* 559 U.S. 314, 317 (2010).

16

defect in the jury selection process.[42] Here Plaintiff objects that the jury pool included a high number of potential jurors with some connection to law enforcement or corrections. However, Plaintiff has no evidence to show that the procedure for selecting the venire was somehow tainted or improper. Many of the veniremen with family members employed in law enforcement or corrections were excused. The jurors who were selected for the panel satisfied the Court that they could consider Plaintiff's case impartially. Thus, the Court has no basis to conclude that the jury selection process was defective.

As for Plaintiff's challenges to two jurors and claim that one of the jurors exhibited bias, the Court finds that Plaintiff's claims are without any support. Plaintiff's has not shown that he challenged either juror for cause, why the Court's decision to seat the jurors was prejudicial, or how the presence of these two jurors on the jury affected Plaintiff's substantial rights or the outcome of the trial. Plaintiff has not only failed to provide any proof to establish his claim about juror bias, Plaintiff has not raised a "colorable claim of extraneous influence" to obtain a hearing to investigate the matter further.[43] Therefore, Plaintiff's Motion for New Trial is **DENIED** as to these issues.

## VIII. Weight of the Evidence

At the conclusion of the trial, Plaintiff stated in open court that the jury verdict was against the weight of the evidence, though Plaintiff has not explicitly raised this argument in his Motion for New Trial. Even so, when a party requests a new trial on the ground that the verdict is against the weight of the evidence, the Court will "uphold the jury verdict if it is one the jury reasonably could have reached" and will not "set it aside simply because [the Court] think[s] another result is more

---

[42] *United States v. Smith*, 463 F. App'x 564, 571 (6th Cir. 2012).

[43] *United States v. Owens*, 426 F.3d 800, 805 (6th Cir. 2005).

justified."⁴⁴  In light of the proof at trial, the Court concludes that the jury could have found that Defendants did not use excessive force against Plaintiff, even though Plaintiff was injured to some degree.  The Court cannot say that the jury's verdict was against the weight of the evidence.

## **CONCLUSION**

Plaintiff has not carried his burden to demonstrate why a new trial is warranted in this case. Therefore, his Motion for New Trial is **DENIED**, and his Motion for Transcripts is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 18, 2015.

---

⁴⁴ *Simmons*, 2015 WL 5449962, at *13-14.