# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY AARON BAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 10-2667-STA-tmp |
| ) | |
| OFFICER ARTHUR MALLORY, ) | |
| SERGEANT JOHN MOFFATT, and ) | |
| OFFICER ROBERT MOFFATT, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF

Before the Court is Plaintiff Timothy Aaron Baxter's Motion for Relief from Order (ECF No. 331) filed on March 11, 2016. Defendants Arthur Mallory, John Moffatt, and Robert Moffatt have responded in opposition. The Court held a motion hearing on May 17, 2016, and received additional arguments from all parties before taking the matter under advisement. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

On September 9, 2010, Plaintiff filed a *pro se* Complaint alleging claims for the violation of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the pleadings, on September 11, 2009, Plaintiff was incarcerated at the West Tennessee State Penitentiary and was traveling in a truck driven by Officer Arthur Mallory. When Plaintiff complained to Officer Mallory that he was driving recklessly, Officer Mallory struck Plaintiff in the head with a radio. The Complaint alleged that

1

Officer Mallory and Officer Robert Moffatt then began to beat Plaintiff to the ground and that Officer Moffatt struck Plaintiff with an ax handle. Plaintiff further alleged that once Plaintiff was transported back to the facility, Sergeant John Moffatt subsequently attacked Plaintiff. A jury trial commenced on June 24, 2015. After a three-day trial, the jury returned a verdict in favor of Defendants on June 26, 2015. The Court entered its judgment on June 29, 2015.

Following entry of judgment, Defendants filed a bill of costs (ECF No. 322) and Plaintiff a motion for new trial (ECF No. 323), both on July 27, 2015. On July 30, 2015, the Clerk of Court gave the parties notice (ECF No. 325) that a taxation of costs hearing would not be held until the Court had decided Plaintiff's motion for new trial. On November 18, 2015, the Court entered an order denying Plaintiff's motion for new trial (ECF No. 327). Thereafter, the Clerk of Court noticed the taxation of costs hearing for January 14, 2016, and entered an order taxing costs against Plaintiff (ECF No. 329) on January 25, 2016. Plaintiff's Motion for Relief followed on March 11, 2016.

In the Motion now before the Court, Plaintiff states that he never received a copy of the Court's November 18, 2015 order denying his motion for new trial. According to Plaintiff, he last had contact with the Court at the taxation of costs hearing, and the order denying his motion for new trial was never mentioned at the costs hearing. Plaintiff requests an opportunity to respond to the Court's ruling as well as an extension of time to appeal the Court's judgment. In their written response in opposition to Plaintiff's Motion, Defendants argue that Plaintiff is not entitled to relief. Defendants have submitted an affidavit (ECF No. 335) from an official at the prison mailroom showing that Plaintiff received mail from the Court on November 23, 2015. Although the log does not show what the document was, Defendants argue the timing of the mail, five days after the entry of the order denying Plaintiff's motion for new trial, suggests it was the Court's order denying the

motion for new trial. Defendants also suggest that Plaintiff's Motion for Relief contains an inconsistency in that the certificate of service shows that he served the Motion on March 8, 2016, when the Motion itself claims that Plaintiff learned about the Court's order denying the motion for new trial on March 9, 2016.

At the motion hearing, Plaintiff reiterated his request for an extension of time to file his notice of appeal and for reconsideration of the Court's order denying his motion for new trial. Plaintiff first argued that he did not receive a copy of the Court's order and to date has still not received a copy of the order. To support his claim, Plaintiff stated that he was subject to a number of moves and transfers during the period of time in which the Court had his motion for new trial under consideration and before the Court issued its ruling in November 2015. Specifically, Plaintiff's facility was on lockdown for 75 days, during which time Plaintiff had no access to the law library. Plaintiff added that at no time does he ever have access to the electronic docket sheet. Plaintiff also underwent inpatient surgery in October 2015 and was away from the facility for one week. Plaintiff later spent several days in the Madison County Jail in November 2015. Not only did Plaintiff never receive notice of the Court's order, but Plaintiff also alleges that he never received notice of the taxation of costs hearing. Plaintiff was simply called to the telephone to participate in the hearing in January 2016. Otherwise, Plaintiff admitted that he did not take any steps to ascertain the status of his motion for new trial before March 2016 and believed the Court would convene a hearing on the motion before issuing its ruling. With respect to his motion for new trial, Plaintiff requested reconsideration and an opportunity to file affidavits to support his contentions, though Plaintiff admitted at the hearing he still did not have the affidavits but could get them if given time to do so.

3

Plaintiff requests then that the Court extend the time for him to file a notice of appeal and revise the order denying his motion for new trial.

Defendants responded in opposition to Plaintiff's requests at the hearing. Counsel first argued that certain docket entries indicate that other filings mailed to Plaintiff were returned as undeliverable in July 2015.[1] The Court's order denying Plaintiff's motion for new trial was not, suggesting that the order was delivered. Defendants also pointed out that the Clerk of Court's letter dated July 30, 2015, informed the parties that the taxation of costs hearing would only occur after the Court had ruled on Plaintiff's motion for new trial. Plaintiff should have known when the taxation hearing was held that all other matters, including his motion for new trial had been resolved. In the final analysis, Plaintiff cannot show what efforts he made to stay informed about the status of his motion for new trial between July 2015 and March 2016. Counsel for Defendants did concede that there was no proof about whether the order Plaintiff received in November 2015 was an order in the case at bar or an order issued in a separate suit Plaintiff has in this Court. Finally, counsel stated that an extension of the time for filing an appeal would cause Defendants prejudice. The underlying events took place in 2009. At this point one of the Defendants and several facts witnesses no longer work for the Tennessee Department of Corrections. For all of these reasons, Defendants ask the Court to deny Plaintiff's Motion.

---

[1] Defendants did not give the particulars of the documents. The docket indicates that the orders returned as undeliverable were all court rulings on pretrial matters, including the pretrial order, and were returned to the Court on July 13, and July 15, 2015.

**STANDARD OF REVIEW**

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to be filed with the district court within 30 days after entry of the judgment or order from which the appeal lies.[2] Federal Rule of Civil Procedure 77(d)(2) provides that "[l]ack of notice of the entry [of an order or judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."[3] Federal Rule of Appellate Procedure 4(a)(6) permits (but does not require) a district court to reopen the time for filing a notice of appeal if three conditions are met: (1) the court finds the moving party did not receive notice of the judgment or order from which the appeal lies within 21 days of the entry of the judgment or order; (2) the party makes a motion to reopen within 180 days of the entry of the judgment or order, or within 14 days after receiving notice of the entry, whichever occurs first; and (3) the court finds no party would be prejudiced.[4] Even where all three conditions of Rule 4(a)(6) are satisfied, a litigant has an ongoing duty to monitor the docket.[5]

**ANALYSIS**

The Court finds that Plaintiff has shown an entitlement to relief under Federal Rule of Appellate Procedure 4(a)(6). First, the Court finds that Plaintiff did not receive notice of the Court's November 18, 2015 order denying his motion for new trial within 21 days of the entry of the order.

---

[2] Fed. R. Civ. P. 4(a)(1)(A).

[3] Fed. R. Civ. P. 77(d)(2).

[4] Fed. R. App. P. 4(a)(6); *see also* 28 U.S.C. § 2107(c).

[5] *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369-71 (6th Cir. 2007).

The Court credits Plaintiff's testimony that he has never received a copy of the Court's order. Plaintiff stated at the hearing and in his filing with the Court that he did not receive a copy of the order at the time it was first issued and only "receive[d] notification" in March 2016 that the Court had decided the motion.[6] Significantly, the Court's ruling on the motion for new trial was the last outstanding request for substantive relief in the case and therefore triggered the 30-day time limit for Plaintiff to file a notice of appeal. Plaintiff stated to the Court that had he known about the ruling, he would have filed a timely appeal.

Perhaps most importantly, there is no other evidence Plaintiff actually received the Court's order. Defendants attempted to make this showing by producing an authenticated copy of the mail log at Northwest Correctional Complex. The mail log shows that Plaintiff received mail from the Court on November 23, 2015. However, the Court finds it unlikely that the mail Plaintiff received was a copy of the Court's order denying his motion for new trial. The prison mail log shows that the mail Plaintiff received was sent from the Clerk's Office in Jackson, Tennessee. The case at bar is assigned to the Court's Western Division at Memphis, which means any court orders or other correspondence from the Court would originate in the Clerk's Office in Memphis, Tennessee. All mail originating in the Clerk's Office in Jackson relates to cases pending in the Court's Eastern Division at Jackson. The fact then that Plaintiff received mail from the Clerk's Office in Jackson does not tend to show that the mail was the Court's order denying the motion for new trial. Furthermore, Plaintiff has suits pending in the Eastern Division, and Senior District Judge Todd entered an order in the matter of *Baxter v. Corizon Health, Inc.*, case no. 14-cv-03147-JDT-egb, on November 19, 2015. As an Eastern Division case, the order issued by Judge Todd would have been

---

[6] Pl.'s Mot. for Relief from Order 1, Mar. 11, 2016 (ECF No. 331).

mailed from the Clerk's Office in Jackson, Tennessee. The Court finds it more likely than not that the mail Plaintiff received on November 23, 2015 from the Clerk's Office in Jackson was a copy of Judge Todd's order, not the undersigned's order denying the motion for new trial. Taking the evidence as a whole, the Court concludes that Plaintiff has shown he did not receive notice of the Court's order denying his motion for new trial within 21 days of the entry of the order, thereby satisfying the first factor for relief under Rule 4(a)(6).

The Court likewise finds that the other factors under Rule 4(a)(6) weigh in favor of reopening the time for Plaintiff to file his appeal. The second factor under Rule 4(a)(6) required Plaintiff to file his Motion for Relief within 180 days of entry of the order, or within 14 days of receiving notice of the order as required under Federal Rule of Civil Procedure 77(d), whichever came first. According to Plaintiff, he first "receive[d] notification" of the Court's ruling denying his motion for new trial on March 9, 2016, though he still did not receive a copy of the order.[7] Plaintiff's Motion for Relief was received by the Clerk of Court and filed on May 11, 2016. The Court finds then that Plaintiff filed his Motion for Relief within 14 days of "receiv[ing] notification" of the Court's order. Therefore, Plaintiff filed his Motion for Relief within the time allowed under Rule 4(a)(6)(B).

---

[7] It is not clear to the Court that Rule 4(a)(6)(B)'s 14-day time limit even applies in this case. Simply put, there is no evidence that Plaintiff ever *received* notice of the Court's order to trigger the 14-day time line. There is no dispute that Plaintiff was *served* with notice of the court order. Federal Rule of Civil Procedure 77(d) governs service of notice and cross-references the requirements for service under Rule 5(b) of the Federal Rules of Civil Procedure. Rule 5(b)(2) sets out various means of service, including service by "mailing [a paper] to the person's last known address," in which case service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). But the time limit under Federal Rule of Appellate Procedure 4(a)(6)(B) begins to run only on Plaintiff's *receipt* of notice, not merely *service* of notice. The Court need not analyze this issue further because neither party has raised it and Plaintiff conceded in his brief that he "receive[d] notification" of the order denying his motion for new trial on March 9, 2016.

Defendants argue that Plaintiff did not act diligently to stay abreast of developments in his case and that he should have reasonably received notice of the Court's order much sooner than March 2016. The Court agrees that Plaintiff did not act with diligence, despite all of the extenuating circumstances Plaintiff described at the hearing. While the Court accepts that Plaintiff underwent surgery and moved to more than one prison during the relevant time period, the fact remains Plaintiff failed to make an inquiry of any kind between July 2015 and March 2016. At the very least, the January 2016 costs hearing should have reasonably prompted Plaintiff to check the status of his case. It appears to be undisputed that Plaintiff had notice of Defendants' bill of costs and notice from the Clerk of Court that the Clerk would only take up Defendants' bill of costs once the Court had rendered a decision on the motion for new trial. These facts all suggest that Plaintiff should have reasonably learned of the Court's order well before March 2016.

Nevertheless, Rule 4(a)(6)(B) gives Plaintiff 180 days from the entry of the order to seek relief, or in the alternative, 14 days from the date he "receives notice under Federal Rule of Civil Procedure 77(d)."[8] The inquiry under Rule 4(a)(6)(B) then is not whether Plaintiff acted diligently to stay informed about the status of his motion for new trial and therefore could be charged with constructive notice of the court order. Rather the issue is whether Plaintiff acted within the time limit allowed under Rule 4(a)(6)(B), either upon actual receipt of notice or no more than 180 days after entry of the Court's order. For the reasons already explained, the Court finds that Plaintiff acted within the time allowed. Therefore, Defendants' argument that Plaintiff failed to act with diligence is not altogether unconvincing.

---

[8] Fed. R. App. P. 4(a)(6)(B).

Finally, the Court finds that reopening the time for Plaintiff to file his appeal will not prejudice Defendants for purposes of Rule 4(a)(6)(C). The Advisory Committee Notes to Rule 4(a)(6) explain that "prejudice" is "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."[9] Counsel asserted at the motion hearing that Defendants would suffer prejudice due to the passage of time and the fact that several witnesses no longer work for TDOC. These facts, however, simply represent the possible difficulties Defendants might face should the Court of Appeals reverse the Court's judgment and remand the case for a re-trial. Defendants have not shown that they "had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal" that would amount to prejudice under Rule 4(a)(6)(C).[10] Therefore, there is no evidence that reopening the time for appeal will prejudice Defendants.

Having determined that Plaintiff has shown an entitlement to reopen the time to file his notice of appeal, the Court hereby grants Plaintiff fourteen (14) days from the entry of this order in which to file an appeal. The Court stresses that pursuant to Rule 4(a)(6), the time begins to run from the entry of this order and not the date on which Plaintiff receives the order.

As for Plaintiff's request to respond or make further objections to the Court's denial of his motion for new trial, that request is **DENIED**. The Court finds no reason to reconsider its ruling or allow Plaintiff an additional time to contest the Court's order on the motion for new trial. Of course, Plaintiff will have the opportunity to raise the decision as an issue on appeal, if he chooses to do so.

---

[9] Fed. R. App. P. 4(a)(6), Advisory Committee Notes to 1991 Amendment.

[10] *Id.*

# **CONCLUSION**

Plaintiff's Motion for Relief from Order is **GRANTED in part, DENIED in part**. The Court reopens the time for Plaintiff to file his notice of appeal and grants Plaintiff 14 days from the entry of this order in which to appeal the Court's judgment. The Court denies Plaintiff's request for more time to submit a response or objection to the Court's order denying the motion for new trial.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 19, 2016.