# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY AARON BAXTER, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> OFFICER ARTHUR MALLORY, ) <br> SERGEANT JOHN MOFFATT, and ) <br> OFFICER ROBERT MOFFATT, ) <br> ) <br> Defendants. ) | No. 10-2667-STA-tmp |

## ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RELIEF

Before the Court is Plaintiff Timothy Aaron Baxter's Second Motion for Relief (ECF No. 344) filed on February 22, 2017. Defendants Arthur Mallory, John Moffatt, and Robert Moffatt have responded in opposition. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On September 9, 2010, Plaintiff filed a *pro se* Complaint alleging claims for the violation of his constitutional rights pursuant to 42 U.S.C. § 1983. After a three-day trial, the jury returned a verdict in favor of Defendants on June 26, 2015. The Court entered its judgment on June 29, 2015. On November 18, 2015, the Court entered an order denying Plaintiff's motion for new trial (ECF No. 327). However, Plaintiff subsequently filed his first motion for relief on March 11, 2016, asserting that he never received a copy of the Court's order. Plaintiff requested an opportunity to respond to the Court's ruling as well as an extension of time to appeal the Court's judgment. Defendants responded in opposition to Plaintiff's motion, and the Court convened a hearing with Plaintiff

1

present on May 17, 2016. Following the motion hearing, the Court entered a written order granting Plaintiff 14 days in which to appeal the Court's judgment. The Court issued its order on May 19, 2016. No notice of appeal was filed.

In his Second Motion for Relief, Plaintiff claims that he did not receive a copy of the Court's order extending the time for him to file his notice of appeal. Plaintiff states that he requested a status update from the Court on February 3, 2017. On February 10, 2017, the Clerk mailed Plaintiff a copy of the docket sheet, which showed that the Court had granted his first motion for relief in May 2016. Plaintiff further states that a prison librarian inquired with mailroom personnel at the jail to determine whether Plaintiff had received mail during the relevant time. According to Plaintiff's unverified statement in his brief, no mail was addressed to him from the Court in May 2016. Plaintiff requests that the Court investigate the reasons he has not received the orders and grant him an opportunity to appeal the Court's judgment. Defendants have responded in opposition to Plaintiff's Second Motion for Relief. Defendants argue that Plaintiff has failed to act diligently to keep himself abreast of developments in the case by waiting over nine months to inquire about the status of his motion. Therefore, Defendants ask the Court to deny Plaintiff's Second Motion.

## **STANDARD OF REVIEW**

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to be filed with the district court within 30 days after entry of the judgment or order from which the appeal lies.[1] Federal Rule of Civil Procedure 77(d)(2) provides that "[l]ack of notice of the entry [of an order or judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate

---

[1] Fed. R. Civ. P. 4(a)(1)(A).

2

Procedure (4)(a)."[2] Federal Rule of Appellate Procedure 4(a)(6) permits (but does not require) a district court to reopen the time for filing a notice of appeal if three conditions are met: (1) the court finds the moving party did not receive notice of the judgment or order from which the appeal lies within 21 days of the entry of the judgment or order; (2) the party makes a motion to reopen within 180 days of the entry of the judgment or order, or within 14 days after receiving notice of the entry, whichever occurs first; and (3) the court finds no party would be prejudiced.[3] Even where all three conditions of Rule 4(a)(6) are satisfied, a litigant has an ongoing duty to monitor the docket.[4]

## ANALYSIS

The Court finds that Plaintiff has not shown why he is entitled to a further extension of time to file his appeal. The Court is satisfied that its order dated May 19, 2016, was properly served on all of the parties, and the Court has no evidence before it to show that Plaintiff did not receive the order. Plaintiff's statements in his brief are simply assertions without any evidentiary support. As such, the Court attaches no weight to them. Perhaps more importantly, even if Plaintiff could establish that he did not receive the order, Plaintiff has failed to show that he acted diligently to monitor the docket and stay informed about the status of his case. The procedural history of the case since the conclusion of the jury trial is particularly relevant here.

The Court entered judgment in Plaintiff's case on June 29, 2015, an event of procedural significance that would typically trigger a party's time to file an appeal. The Court would highlight

---

[2] Fed. R. Civ. P. 77(d)(2).

[3] Fed. R. App. P. 4(a)(6); *see also* 28 U.S.C. § 2107(c).

[4] *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369-71 (6th Cir. 2007).

here that there is no indication that Plaintiff did not receive a copy of the Court's judgment. Plaintiff's subsequently filed motion for new trial tolled the time limit for an appeal. The Court's denial of Plaintiff's motion for new trial on November 18, 2015, started anew the clock for Plaintiff to appeal the Court's judgment. Despite the fact a ruling on his motion for new trial was critical to the timeliness of any appeal, Plaintiff waited more than four months to check the status of his case. Plaintiff learned about the Court's ruling and filed his first motion for relief only after he had contacted the Clerk's Office to ask about his motion. The Court did not charge Plaintiff's lack of diligence against him in deciding his first motion for relief and accepted his claim that he had not received a copy of the order denying his motion for new trial. Nonetheless, a reasonable, diligent party should have realized then that in the future he could not simply let time pass and then make a belated inquiry to check the status of his case. And yet this is precisely what Plaintiff did and has continued to do.

Even accepting that Plaintiff did not receive the Court's order denying his motion for new trial, Plaintiff had every reason to stay informed about the status of his first motion for relief. Plaintiff obviously knew or should have known that his first motion for relief was ripe for disposition. The parties had fully briefed the motion, and the Court convened a hearing on the motion and received additional arguments from Plaintiff himself. Critically, Plaintiff also knew or should have known that even if the Court granted his first motion for relief, he would be allowed only fourteen days to file his appeal. Plaintiff's first motion for relief cited and relied on Federal Rule of Appellate Procedure 4(a)(6), which grants a district court discretion to extend the time for an appeal but only by 14 days. "At this point, had [Plaintiff] been diligent, he would have regularly

consulted the docket to see if the [Court] had responded to his request and issued its order."[5] And at the time of the motion hearing, almost a full year had passed since the entry of judgment in the case. The fact that the motion was ripe and fully argued, that the judgment that was itself already a year old, and that the Federal Rules authorized an extension of only fourteen days should have led a reasonable litigant to monitor the docket regularly. At the very least, a reasonable party would not have waited more than eight months to check the status of the motion.

Additionally, in light of Plaintiff's previous claim that he did not receive a court order until four months after it issued, the Court is hard-pressed to understand why Plaintiff failed to act until February 2017 to make an inquiry with the Clerk, if he had not in fact received any additional rulings from the Court. The Court issued its order extending the time for Plaintiff to appeal on May 19, 2016, two days after the motion hearing. And yet Plaintiff waited almost nine months after the hearing just to seek a status update from the Clerk. Plaintiff learned about the existence of the order by sending an inquiry to the Clerk of Court, a step he could have taken at any time after the motion hearing in May 2016. Plaintiff has offered no explanation to show why he delayed so long in simply writing to the Clerk. "It exceeds the bounds of reason to say that a party who takes the unusual step of asking a court to [extend the time to appeal] may then disclaim all responsibility for taking any action to see if the request has been honored . . . ."[6] And this after Plaintiff had waited four months to check the status of his motion for new trial earlier in the case.

---

[5] *Id.* at 371–72.

[6] *Id.* at 372.

Under the circumstances, the Court finds no reason to allow Plaintiff yet another opportunity to appeal the judgment more than twenty months after the Court entered judgment in his case. Therefore, Plaintiff's Second Motion for Relief must be **DENIED**.

The Clerk is directed to mail Plaintiff a copy of this order by means of certified mail, return receipt requested.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: March 13, 2017.